IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DALE DEAN GOINS, | : | PRISONER HABEAS CORPUS |
| GDC ID # 398603, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| BRAD HOOKS, Warden, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:14-CV-1111-TWT-AJB |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Dale Dean Goins, confined in Johnson State Prison in Wrightsville, Georgia, challenges via 28 U.S.C. § 2254 his June 14, 1979, Gwinnett County convictions for murder, kidnapping, armed robbery, and rape. [Doc. 1 at 1.] Petitioner has paid the $5.00 filing fee. [*See* Dkt. Entry Apr. 7, 2014.]

The matter is before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

AO 72A
(Rev.8/82)

**I.     Discussion**

Petitioner previously sought § 2254 habeas relief in this Court unsuccessfully. *See* Order, *Goins v. Linahan*, No. 1:96-cv-354-TWT (N.D. Ga. Nov. 13, 1997). "Before a second or successive [habeas petition] is filed in the district court, the [petitioner] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained the necessary authorization from the Court of Appeals for consideration of a successive petition. The Court of Appeals previously denied Petitioner such authorization. *See In re: Dale Dean Goins*, No. 07-10604-A (11th Cir. Mar 8, 2007). [Doc. 1-1 at 25-28.] Therefore, the District Court lacks jurisdiction to consider the present petition.

The undersigned notes that the Court of Appeals recently denied an application filed by Petitioner for permission to file a second or successive habeas petition as unnecessary. *See In re: Dale Dean Goins*, No. 14-10495-A at 1 (11th Cir. Feb. 20, 2014). [Doc. 1-1 at 45.] The Court of Appeals stated that "[d]istrict court records indicate that Goins filed a previous habeas petition in August 2004, but that petition was denied without prejudice." *Id.* The undersigned has searched district court records but has not found a habeas petition filed by Petitioner in August 2004.

2

AO 72A
(Rev.8/82)

However, the Court of Appeals denied an application filed by Petitioner for leave to file a second or successive habeas petition on August 24, 2004. *See In re: Dale Dean Goins*, No. 04-14040-C (11th Cir. Aug. 24, 2004). The Order of the Court of Appeals was then docketed as a miscellaneous case in the United States District Court for the Middle District of Florida, Tampa Division, on August 26, 2004. *See In re: Dale Dean Goins*, No. 8:04-mc-92 (M.D. Fla. Aug. 26, 2004). It appears that Petitioner's August 2004 application for leave to file a second or successive habeas petition relates to his Florida conviction, dated March 6, 1980, [*see* Doc. 1 at 13], but not to his 1979 Georgia convictions.

## II.     Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition

3

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that Petitioner may not file a successive § 2254 petition without authorization from the Court of Appeals. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) this action be **DISMISSED** pursuant to

Rule 4; and (2) a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this   21st   day of April, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)